Filed Via Mail

OCT 28 2019

CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION

17 Pages Scanned by AS

Diane Leslie McAnally
352 Hernando Avenue
Sarasota, FL 34243
Phone: 1.941.351.4306
Email: dianeguthriemc@gmail.com
Pro Se Debtor-Plaintiff

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| **DIANE LESLIE MCANALLY,** | **CASE NO. 8:19-bk-00132-RCT**<br>**CHAPTER 7** |
| **Debtor-Plaintiff,** | **ADV. PROC. NO. _____** |
| | **ADVERSARIAL COMPLAINT FOR** |
| **v.** | **DAMAGES AND DEMAND FOR**<br>**JURY TRIAL** |
| **DEUTSCHE BANK NATIONAL TRUST**<br>**COMPANY and SPECIALIZED LOAN**<br>**SERVICING, LLC, as servicing agent for Bank**<br>**of New York, as Trustee for the certificate**<br>**holders CWABS, Inc., Asset Backed**<br>**Certificates, Series 2006-22** | |
| **Creditors-Defendants.** | |
| _____/ | |

**COMES NOW**, Debtor-Plaintiff Diane Leslie McAnally (hereinafter referred to as "Debtor"), the undersigned acting *Pro se,* proceeding to make the above captioned Complaint against Creditor-Defendants Deutsche Bank National Trust Company and Specialized Loan Servicing LLC, as servicing agent for Bank of New York, as trustee for Certificate holders CWABS, Inc., Asset Backed Certificates, Series 2006-22 (hereinafter referred to as "Creditors"), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action because it presents one or more federal questions, 28 U.S.C. § 1331 and 28 U.S.C. §1391, in that the Debtor resides here, the Creditors transact business here, to wit, the collection of a consumer debt, and the conduct complained of occurred here.

2.  Jurisdiction of ther Court also arises under 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

3.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the subject matter of the claims asserted by the Debtor in the State of Florida in this action because those claims are also related to the claims asserted by the Creditors that they form part of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the action brought by the Debtor.

4.  Jurisdiction of this Court also arises under 15 U.S.C. § 1692 for Creditors' violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA").

5.  Therefore, Debtor wishes to invoke this Honorable Court's federal question jurisdiction as Debtor is bringing claims directly under Federal Statutes and Constitutional provisions as Debtor's state claims turn on a matter of Federal law.

6.  This Court has personal jurisdiction over the Creditors because the Creditors have transacted business in this District and the State of Florida and because the Creditors have committed acts herein detailed in this District and the State of Florida.

7.  At all times relevant to this action, Debtor has owned the property located at 356 Hernando Avenue, Sarasota, FL 34243, also hereinafter referred to as the "subject property."

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), 1331, 2201, and 2202 as the acts complained of occurred in this District.

## THE PARTIES

## THE DEBTOR

9. Diane Leslie McAnally, the Debtor, hereinafter also referred to as "McAnally" is a natural person that owns the subject property in Sarasota, Florida which is subject to the controversy.

10. Debtor is a citizen of the State of Florida.

11. Debtor has suffered damages due to the action(s) of the Creditor which are detailed herein.

## THE CREDITOR(S)

12. Creditor Deutsche Bank National Trust Company ("Deutsche"), is a foreign for-profit entity, whom upon information and belief, is licensed to conduct everyday business in the State of Florida.

13. Specialized Loan Servicing LLC, as servicing agent for Bank of New York, as trustee for certificate holders CWABS, Inc., Asset Backed Certificates, Series 2006-22 ("SLS") is a foreign for-profit entity, whom upon information and belief, is licensed to conduct everyday business in the State of Florida.

## INTRODUCTION

14. This is an action brought by Debtor for Fraudulent Misrepresentation, violations of 15

U.S.C. §1692 *et seq.,* the Fair Debt Collection Practices Act, Intentional Infliction of Emotional Distress, and Declaratory Judgment and for compensatory, punitive, special and general damages.

15. Debtor, Diane Leslie McAnally, disputes the title and ownership of the real property in question, which is the subject of this action, in that the originating mortgage lender, and others alleged to claim ownership of Debtor's Promissory Note and/ or Mortgage, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Mortgage related to the Debtor's property, and thus, do not have lawful ownership or a security interest in Debtor's home which is further described in detail herein.

## BACKGROUND ALLEGATIONS RELATED TO ALL CLAIMS

16. On or about October 26, 2006, Debtor entered into a consumer credit transaction with Countrywide Home Loans, Inc., ("Countrywide") by obtaining a $300,000.00 mortgage loan secured by the Property. Debtor executed a Promissory Note ("Note")[1] as part of the Loan transaction. This Note was secured by a Mortgage[2] on the Property in favor of Countrywide.

17.    There is a recorded document purported to be an "Assignment of Mortgage", dated December 18, 2007 and filed in the

Official Records of the Manatee County Recorder's Office as ins# BK 2242, PG 3451.

18.    Debtor filed for Chapter 7 bankruptcy protection on January 8, 2019.

---

[1] *See* Exhibit A to the Affidavit of Joseph R. Esquivel Jr. attached hiseto as **EXHIBIT 1**.
[2] *See* Exhibit B to the Affidavit of Joseph R. Esquivel Jr. attached hiseto as **EXHIBIT 2**.

4

ADVERSARIAL COMPLAINT

19. Debtor has filed all required documentation, including all applicable schedules and income statements.

20. On or about April 23, 2019, the Bankruptcy Court entered an order granting relief from the stay.  See Doc. No. 40.

21. The bankruptcy case has not been dismissed nor has a discharge order been entered.

22. Creditors have never filed a legally enforceable Proof of Claim in the time allowed by law.

23. Creditors never filed for leave of court for an extension of time to file their proof of claim under the Federal Rules of Bankruptcy Procedure.

24. The subheading in Rule 9006(b)(1) refers to the standards governing enlargement of time "in general." Rule 9006(b)(3) governs the standards for enlargement of time under certain listed rules. It expressly states that a court may enlarge the time under Rule 3002(c) (for filing a proof of claim) "only to the extent and under the conditions stated in [Rule 3002(c)]."

25. Thus, excusable neglect under Rule 9006(b)(1) may justify enlargement of time for some actions, but not for filing proofs of claims. If the deadline to file a timely proof of claim can be extended, it can only be done according to Rule 3002.

26. Prior to December 1, 2017, on its face, Rule 3002(c) "provide[d] no exceptions for extenuating circumstances, excusable neglect, or other cause." *In re McLarry*, 273 B.R. 753, 754 (Bankr. S.D. Tex. 2002).

27. Effective December 1, 2017, Rule 3002(c)(6) was amended to add a new ground for enlarging the time to file a timely proof of claim. Rule 3002(c)(6)(A) now provides: "On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting

the motion. The motion may be granted if the court finds that: (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)."

28. It is undisputed that Debtor included all requisite creditors in her creditor matrix filed with the initial petition.

29. Additionally, Federal Rule of Civil Procedure 60(b) and 60(d)(1) provide Debtor the ability to seek relief from a judgment by way of initiation of an independent action to set aside a fraudulently obtained judgment.

## FIRST CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

30. Debtor incorporates by reference all of the preceding paragraphs and allegations therein as if fully set forth herein.

31. A fundamental principle in Florida mortgage law is that a foreclosing party must have the power to enforce the underlying note. In other words, a party must have standing to foreclose.

32. Creditors represent that they are legal holder of the indebtedness.

33. Using an independent third party that specializes in locating mortgage loans, the aforementioned loan was found in multiple classes of the CWAB 2006-22 Trust.

34. The obligation has been sold to multiple classes of the CWAB 2006-22 Trust. Where records show the intangible payment stream remains an asset, a fact to determine, that is beyond the scope of ther analysis, is why if there is a default of the tangible is there not also a default of the intangible.

35. It is possible that a third-party contract known as a Credit Default Obligation could account for the reason why the intangible is not in default, such supposition offers a reasonable explanation.

36. The rights to the Obligation have been conveyed as a Transferable Record to multiple classes of the CWAB 2006-22 Trust.

37. For the rights to the Intangible Obligation not to have been stripped away from the rights to the Note by that conveyance, the rights to the Note must have also been transferred to multiple classes of the CWAB 2006-22 Trust.

38. The loan level data for the Debtor's loan is shown below (See Exhibit 1).

> CWA06- 22, - TrusteeDealName,
> 08/26/2019, - PmtDt, - Matches Note
> 145494730, - LoanNum, - Matches Note and Mortgage
> 2, - GroupNum,
> 7008692, - InvestNum,
> 299978.86, - BegSchedBal,
> 0.0700000, - GrossRate,
> 0.0650000, - NetRate,
> 1749.88, - SchedPrin,
> 1624.89, - Curtailment,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
> 0.00,
>  0.00,
> 299978.86, - EndActualBal,
> 0.00,
> 2120.18, - Arrearages,

,
FC, - LoanStatus,
90+, - PmtAge,
10/01/2009, - NextDueDt,
124.99,- ServicingFee,
299978.86, - EndActualBal,
0.00,
0.00,
0.00,
0.00,
N,
0.00,
0.00,
0.00,
0.00,
0.00,
0.00,
0.00,
0.00,
Y,
0.00,
1624.89,
0.00,
0.00,
,,,,,,,,,,,,,,,,,,,,,,,
0.00,
,,,,,,,,,,,,,,,,,,,,,,,

39. The income stream from the Intangible Obligation is owned in a unified manner as described by the Prospectus when discussing the Classes within the Trust Pool.

40. Each class of the CWAB 2006-22 Trust owns a different partial interest in the Intangible Obligation.

41. Even though a Trust may show a Class within that Trust as being paid, this is a predetermined action by the Trust.

42. It does not mean that the Intangible Obligation is in default. It is impossible to make that determination as the Intangible Obligation no longer exists in its original form. Subsequently, the precise ownership of partial interests in the Intangible Obligation can no longer be determined, nor can it be determined what or which partial interest in Intangible Obligation has been paid nor what percentage of that partial interest in the Intangible Obligation has been satisfied/settled.

43. Even though there is some division of performance of the loan from class to class. If the ownership of the Intangible Obligation exists in any class as the Transferable Record of the ownership, the Intangible Obligation exists in total within the Trust.

44. For these reasons, Creditors ware not the holder of the Note entitled to enforce.

45. As a result of reliance on Creditors' fraudulent misrepresentations, Debtor is suffering the imminent loss of her property. The amount of damages cannot be ascertained with certainty at this time but exceeds $75,000.00.


### SECOND CAUSE OF ACTION
### VIOLATIONS OF 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act

46. Debtor incorporates by reference all of the preceding paragraphs and allegations therein as if fully set forth herein.

47. On or about October 26, 2006, Debtor entered into a consumer credit transaction with Countrywide by obtaining a $300,000.00 mortgage loan secured by the subject property.

48. Creditor has violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

ADVERSARIAL COMPLAINT

49. Creditors are debt collectors as defined in 15 U.S.C. §1692a(6): The term "debt collector" means any person who…regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.

50. Creditors fraudulently made representations that they were / are the holder of the Note when it knew that it did not have the right to make such an assertion.

51. By these actions, Creditors violated 15 U.S.C. § 1692e (2)(A) by misstating the amount or legal status of any debt.  By these actions Creditors also violated 15 U.S.C. § 1692e (10) by using deceptive means in an attempt to collect a debt which was not owed to either of them.

52. Debtor has been harmed by these actions in that a Judgment of Foreclosure is likely to be entered against her since relief from stay has been granted.

53. As a direct and proximate result of Creditors' violations, Debtor incurred and continues to incur damages in an amount not yet ascertained, including, without limitation, statutory damages.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Debtor incorporates by reference all of the preceding paragraphs and allegations therein as if fully set forth herein.

55. The actions of Creditors, as set forth herein, has resulted in the Debtor facing the imminent loss of her property This outcome has been created without any right or privilege on the part of Creditors, and, as such, the intentional, unlawful foreclosure constitute outrageous or reckless conduct on the part of Creditors.

56. Creditors intentionally, knowingly, recklessly and fraudulently made representations in that they were / are the holder of the Note when it knew that it did not have the right to make such an assertion.

57. Creditors' conduct is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community.

58. Such conduct was undertaken with the specific intent of inflicting emotional distress on the Debtor, such that Debtor would be so emotionally distressed and debilitated that he would be unable to exercise legal rights in the subject property, the right to title of the subject property, the right to cure the alleged default, right to verify the alleged debt. and right to clear title to the subject property such that said title will regain its marketability and value.

59. As an actual and proximate cause of Creditor's wrongful conduct, Debtor has suffered severe emotional distress, including, but not limited to, many sleepless nights, severe depression, lack of appetite, and most everything related to physical, mental and emotional health, including damaged relationships with family and friends.

60. Due to Creditors' outrageous conduct, Debtor has been living under the constant emotional nightmare of losing the subject property and the nightmare is about to come true.

61. The conduct of Creditors, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people.

62. Debtor is therefore entitled to, in addition to actual damages in an amount to be determined at trial, punitive damages in an amount appropriate to punish Creditor and to deter others from engaging in similar conduct.

## REQUEST FOR DECLARATORY RELIEF

63. Debtor incorporates by reference all of the preceding paragraphs and allegations therein as if fully set forth herein.

64. Debtor has proved beyond any reasonable doubt the subject of Debtor's Complaint that Creditors have acted wrongfully, committed fraud on the court prior and leading up to a proposed "sale" of Debtor's property, contrary to the conditions precedent of the terms of the subject Deed of Trust, the Florida Code, and the FDCPA.

65. Therefore, Debtor requests Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

66. Creditors have exploited and abused its alleged authority to demand a sale of Debtor's property in fact and deed, using the so-called proposed "sale" as a tool and instrument of fraud.

67. Under these circumstances, this Honorable Court should give no credence whatsoever to the proposed illegal "sale" of Debtor's property, the result of a carefully designed fraud.

68. Declaratory Relief is necessary and appropriate at this time because without judicial resolution all Parties herein will remain unclear and in dispute as to their respective rights, interests, and obligations.

69. Furthermore, a determination is necessary as to whether the "Assignments of Deed of Trust" factually or legally amounted to assign anything whatsoever and is void, and further whether it exists as a "Cloud" on Debtor's Land Record/Real Property and hence these records should be removed.

70. Debtor's property is at risk of being further influenced, impacted, affected and/or wrongfully sold, transferred and/or assigned by and through Creditors named herein, any the Agents or other individuals or Entities claiming, but factually and legally not qualifying held to, or determined as "*Bona Fide* Purchases ("BFP")", individuals and/or Entities.

71. Debtor will suffer irreparable harm in absence of the requested relief because Debtor is threatened with the sale of her subject property by not having had a marketable legal Title returnable to the *status quo* when it was let to Creditor.

72. The original *status quo* was and is unique and valuable, the loss of which cannot be fully compensated by money damages.

73. Debtor herein further alleges, that an actual controversy has arisen, and now exists and remains unresolved between Debtor and Creditor and any of its Agents as well as other individuals claiming, but factually and legally could not qualify, held to, or determined as BFP, and other such claiming "BFPs", individuals and/or business entities concerning the legal effect and true nature of the Assignment of the Deed of Trust as being a "Cloud" on Debtor's Land Record/Real Estate Property, all of whom are relying on the validity and legality of subject Assignments.

74. As such legally and equitably the Assignments of the Deed of Trust, referenced above should be Cancelled and Expunged from Debtor's Land Record/Real Property Title.

75. Creditors named herein and any of its Agents, as well as other Individuals or Entities all respectively dispute the contentions of the Debtor, hence the Debtor's suit for declaratory judgment.


**WHEREFORE,** for all the foregoing reasons, Debtor requests this Honorable Court grant Debtor the following relief:

A)    For Declaratory Relief by way of a Judicial Determination as follows: That the recordation of the Assignments of the Deed of Trust is void and therefore a "**Cloud**" on Debtor's Land Record/Real Property Title;

B)    For an Order, Decree and or Judgment thereby "Canceling" and "Expunging" the recordation of the Assignment of the Deed of Trust, from Debtor's Land Record/Real Property Title held, maintained and currently on record with the Manatee County

Florida Recorder's Office;

C)    For an Order, Decree and or Judgment thereby granting Debtor damages in the amount of Ten Million Dollars ($10,000,000) as general, special, statutory and punitive damages due and requested in the First through Third Causes of Action; and D) For any other further relief deemed just and proper.

Respectfully submitted this _25_ day of October, 2019.

Diane Leslie McAnally
352 Hernando Avenue
Sarasota, FL 34243
Phone: 1.941.351.4306
Email: dianeguthriemc@gmail.com
Pro Se Debtor-Plaintiff

**VERIFICATION**

Debtor has read the foregoing **COMPLAINT** and knows the contents thereof to be true; and the same is true of Debtor's own knowledge, except to the matters which are therein stated on our information and belief and as to those matters, Debtor believes them to be true. The foregoing is true, correct, complete and not misleading.

14
ADVERSARIAL COMPLAINT

Sealed by the voluntary act of my own hand(s) on ther _25th_ day of

_____October, in the Year of our Lord, two thousand and Nineteen.


*Diane Leslie McAnally*

Diane Leslie McAnally
352      Hernando      Avenue
Sarasota, FL 34243

State of _Florida_
County of _Manatee_


Either known to me or having proper identification, Affiant personally came before me and having _FLDL M254-172-41-842-0._ been duly sworn did state and affirm the above statements.

On this the _25th_ day of October, 2019.


*Janelle Simon*
NOTARY PUBLIC



JANELLE SIMON
Notary Public - State of Florida
Commission # FF 962342
My Comm. Expires Feb 18, 2020
Bonded through National Notary Assn.

**SERVICE LIST**

To be provided by via process server, when Debtor receives the Certified SUMMONS from the Clerk of Court.

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**ROBERTSON ANSCHUTZ SCHNEID PL**
**6409 CONGRESS AVE SUITE 100**
**BOCA RATON, FL 33487**

**SPECIALIZED LOAN SERVICING LLC**
**STEWART LEGAL GROUP PL**
**C/O GAVIN N STEWART**

15
ADVERSARIAL COMPLAINT

PO BOX 5703
CLEARWATER FL 33758-5703

/Diane Leslie McAnally

ADVERSARIAL COMPLAINT

PRIORITY MAIL

UNITED STATES
POSTAL SERVICE

P

US POSTAGE PAID
$7.35

*Retail*

Origin: 34207
10/25/19
1109780106-6

PRIORITY MAIL 1-DAY®

0 Lb 7.30 Oz

1006

EXPECTED DELIVERY DAY: 10/28/19

C038

SHIP
TO:
801 N FLORIDA AVE
STE 555
TAMPA FL 33602-3860

USPS TRACKING NUMBER

9505 5132 5464 9298 3333 52

* Date of de
* USPS TRAC
  Internation
* Limited international insurance.*
* Pick up available.*
* Order supplies online.*
* When used internationally, a customs
  declaration label may be required.
* Domestic only

P S 0 0 0 0 1 0 0 0 0 1 4

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

To schedule free
Package Pickup,
scan the QR code.

FROM: DLM
35a Hernando Ave
Sarasota, Fl 34243

TO:
Sam Gibbons Courthouse
801 N. Florida Ave
Ste 555
Tampa, Fl 33602

PRIORITY MAIL

UNITED STATES
POSTAL SERVICE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipme
Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All right