## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO.: 8:19-AP-00546-RCT

DIANE LESLIE MCANALLY,

    Debtor -Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,

    Creditors-Defendants.

_____ /

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THE RELIEF REQUESTED IN THIS PAPER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN FOURTEEN (14) DAYS FROM THE DATE SET FORTH ON THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS FOR SERVICE IF ANY PARTY WAS SERVED BY U.S. MAIL. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY IF YOU HAVE ONE. IF THE PAPER IS AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE, YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE A RESPONSE WITH THE CLERK OF THE COURT AT THE SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 N. FLORIDA AVENUE, SUITE 555, TAMPA, FL 33602 AND SERVE A COPY ON THE MOVANT'S ATTORNEY, GAVIN STEWART, P.O. BOX 5703, CLEARWATER, FL 33758, AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED. IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER SCHEDULE AND NOTIFY YOU OF A HEARING, OR CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.**

**IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

Creditor-Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, (hereinafter "Defendant" or "DBNTC"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), moves to dismiss the adversary proceeding and states:

## I.   INTRODUCTION

1.     This adversary proceeding stems from the underlying Chapter 7 bankruptcy proceeding under Case No. 8:19-bk-00132-RCT filed by Debtor-Plaintiff, Diane Leslie McAnally ("Plaintiff"), on or about January 8, 2019.

2.     The Plaintiff received a discharge on October 30, 2019.

3.     The Plaintiff's Complaint sets forth four causes of action: (1) Fraudulent Misrepresentation; (2) Violation of 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"); (3) Intentional Infliction of Emotional Distress; and (4) Request for Declaratory Relief.  *See* Complaint generally.

4.     The Plaintiff's Complaint appears to relate to a Promissory Note and Mortgage that were executed on October 26, 2006 in favor of Countrywide Home Loans, Inc. (the "Countrywide Loan Documents"),[1] and which were subsequently assigned in 2007, to the Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22 ("BONY") by virtue of an Assignment of Mortgage dated December 18, 2007 recorded in Official Records Book 2242, Page 3451 of

---

[1] This Court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, `undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005).  A court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are generally known within the trial court's territorial jurisdiction or because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).  The documents recorded with the Recorder's office or filed in a foreclosure action are public records of which a court can take judicial notice.  *Id.*  The BONY Foreclosure court record is central to Plaintiff's Complaint insofar as the Complaint is predicated on instruments filed in the BONY Foreclosure.  The Countrywide Loan Documents, BONY AOM, BONY Foreclosure Judgment and SLS Stay Relief Order, although referenced, are not attached as an exhibit to the Complaint.

the Public Records of Manatee County, Florida (the "BONY AOM").  Complaint, ¶¶ 16-17; *see* copy of the Countrywide Loan Documents and BONY AOM attached as **Composite Exhibit "A."**

5.      On December 4, 2007, a state court foreclosure action was filed by BONY in the Twelfth Judicial Circuit Court in Manatee County Circuit Court, under Case Number 2007-CA-008420 ("BONY Foreclosure"), to foreclose on the Countrywide Loan Documents, and which resulted in entry of a Final Summary Judgment of Mortgage Foreclosure ("BONY Judgment")[2] entered on September 11, 2008.  *Id*. ¶ 29.

6.      On March 13, 2019, a Renewed Motion for Relief from Stay was filed by BONY's servicer, Specialized Loan Servicing, LLC ("SLS"), and an Order Granting SLS's Renewed Motion for Relief from Stay (the "SLS Stay Relief Order") was entered by the Court on April 23, 2019.  *Id*. ¶ 20; *see* copy of SLS Stay Relief Order attached as **Exhibit " C."**

7.      The Plaintiff is challenging BONY's (or SLS's) right to enforce the Countrywide Loan Documents.  *Id*. ¶ 15 ("…disputes the title and ownership of the real property in question, which is the subject of this action, in that the originating mortgage lender, and others alleged to claim ownership of Debtor's Promissory Note and/or Mortgage, have unlawfully sold, assigned and/or transferred their ownership and security interest…and thus, do not have lawful ownership or a security in Debtor's home which is further described in detail herein.")

8.      Completely unrelated to the Countrywide Loan Documents, BONY AOM, BONY Foreclosure and SLS Stay Relief Order, DBNTC currently owns a separate and distinct set of loan documents encumbering the same property located in Manatee County, Florida: (1) a

---

[2] The BONY Judgment was subsequently modified and partially vacated by the Agreed Order Granting in Part and Denying in Party Defendant's Motion for Relief from Final Judgment entered on August 10, 2010. *See* copy of BONY FJ and Agreed Order attached as **Composite Exhibit "B."**  The BONY Foreclosure remains pending.

Promissory Note executed on June 30, 2006 and (2) a Mortgage executed on June 30, 2006, securing payment of the Note in the amount of $335,200.00 to EquiFirst Corporation (the "EquiFirst Loan Documents").[3] The Mortgage was recorded on July 11, 2006 in Book 02138 at Pages 3961-3980 of the Public Records of Manatee County, Florida, and was subsequently assigned in 2015, to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Turst 2006-EQ1 Asset-Backed Certificates, Series 2006-EQ1 ("DBNTC Trustee") by virtue of an Assignment of Mortgage dated January 19, 2016 recorded in Official Records Book 2606, Page 83 of the Public Records of Manatee County, Florida (the "DBNTC AOM").  *See* copy of the EquiFirst Loan Documents and DBNTC AOM attached as **Composite Exhibit "D."**

9.    On August 13, 2019, a Motion for Relief from Stay was filed by DBNTC, and an Order Granting DBNTC's Motion for Relief from Stay (the "DBNTC Stay Relief Order") was entered by the Court on September 11, 2019.  *Id*. at ¶ 20; *see* copy of SLS Stay Relief Order attached as **Exhibit " E."**

10.    Significantly, except for the allegation in paragraph 12 of the Complaint, where Plaintiff identifies DBNTC as a creditor, the rest of the Complaint is completely devoid of any allegations concerning the EquiFirst Loan Documents, DBNTC AOM or DBNTC Stay Relief Order.

11.    Instead, every single allegation set forth in the Background Allegations Related to All Claims relates to the Countrywide Loan Documents, BONY AOM, BONY Foreclosure and SLS Stay Relief Order.  *Id*. at ¶¶ 16-29.

---

[3] Pursuant to Federal Rule of Evidence 201(b)(2), the documents recorded with the Recorder's office or filed in a foreclosure action are public records of which a court can take judicial notice.  The EquiFirst Loan Documents, DBNTC AOM and DBNTC Stay relief Order would appear to be central to Plaintiff's Complaint insofar as the Complaint is predicated on instruments recorded with Recorder's office.  The EquiFirst Loan Documents, DBNTC AOM and DBNTC Stay Relief Order, are not referenced or attached as an exhibit to the Complaint, but are the only connection DBNTC has with the subject property.

12.    Based on the foregoing, DBNTC should be dismissed from this adversary proceeding, as none of the general allegations or claims relate to or involve DBNTC.

13.    Moreover, in violation of Rule 8(a)(2), the Complaint is an impermissible shotgun pleading, as it does not clearly delineate the specific actions or conduct of SLS and DBNTC that allegedly give rise to the claims in the Complaint.

14.    Furthermore, Count II of the Complaint is barred by the statute of limitations, and should be dismissed because Plaintiff lacks of standing to pursue her FDCPA claim.

## II.    ARGUMENT

### a.    The Complaint Is An Impermissible Shotgun Pleading

Shotgun pleadings are improper and should be dismissed. *See e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018); *Jackson v. Bank of America, N.A.*, 898 F.3d 1348 (11th Cir. 2018); *Cramer v. State of Florida*, 117 F.3d 1258 (11th Cir. 1997); *Noon v. Carnival Corp.*, 2019 WL 2254924, (S.D. Fla. Feb. 1, 2019) (Judge Torres). "Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combing multiple claims against multiple defendants without specifying which defendant is responsible for which act." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). Shotgun pleadings violate Rule 8(a)(2) because they fail to give the defendants fair notice of what claims are being asserted against them, and the basis for those claims. *Id*. (quoting *Vibe Micro*, 878 F.3d at 1294-95 (11th Cir. 2018)).    This problem is exacerbated where the

complaint lumps defendants together in one lawsuit without any specific allegations as to which defendants committed which acts and made which representations or omissions.

The Complaint in this case is the epitome of a shotgun pleading. Indeed, each of the causes of action is against multiple defendants. *See generally*, Complaint. The Complaint also contains vague and immaterial facts that are not connected to any cause of action. *Id*. Additionally, the Complaint generally claims that "Creditors" made unspecified misrepresentations without identifying which representations each Defendant allegedly made, when they were made, how they were made, and to whom they were made. *Id*.

Defendants should not be required to sift through 75 allegations to determine which ones are altogether irrelevant because they are not connected to any cause of action, to guess at which allegations are relevant to any particular one of the three causes of action, and to guess at what alleged representations were made by whom to whom. This Complaint is the quintessential shotgun pleading and, for that reason, DBNTC respectfully requests that this Honorable Court dismiss it.

### b. The Complaint Warrants Dismissal as it Fails to State a Claim Upon Which Relief May be Granted

For purposes of a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), "the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Erickson v. Pardus*, 552 US 89, 93-94 (2007). *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide more than mere labels and conclusions and must go beyond a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, it must

"'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss" *Id.* at 1950. *See also Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d 1309 (S.D. Fla. 2012).

Basically, even if this Court accepts all of the allegations in the Complaint as true, the Complaint fails to sufficiently identify any alleged misrepresentations by DBNTC, does not identify what wrongful conduct by DBNTC that allegedly caused her emotional distress and fails to show any connection between the sale of Plaintiff's property and any action DBNTC is taking that would be redressed by a declaratory judgment.   This pleading deficiency renders the Complaint wholly subject to dismissal with prejudice.

As a result, Plaintiff's entire Complaint warrants dismissal with prejudice.

### c.  The Court Should Dismiss Plaintiff's FDCPA Claim Because it is Barred by the Statute of Limitations and Plaintiff Lacks Standing

In addition to the above, the Plaintiff's FDCPA claim is barred by the statute of limitations. 15 U.S.C. § 1692k(d) states:

> "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in

7

controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." (emphasis added).

15 U.S.C. § 1692k(d) (2010).

The Complaint alleges that "[t]here is a recorded document purported to be an "Assignment of Mortgage", dated December 18, 2007 and filed in the Official Records of the Manatee County Recorder's Office as ins# BK2242, Page 3451." Complaint, ¶ 17. The Complaint further alleges that "[c]reditors fraudulently made representations that they were/are the holder of the Note when it knew that it did not have the right to make such an assertion." *Id*. ¶ 50. The Complaint fails to identify any conduct by DBNTC that falls within the one-year statute of limitations. It is clear that the Plaintiff is barred from bringing the purported FDCPA claim and the Complaint should be summarily dismissed as to that Count on that basis alone.

In addition, even if the FDCPA claim survives dismissal on that basis, the Plaintiff has no standing to bring this claim. *Lujan v Defenders Wildlife* 504 U.S. 560 (1992). ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]") The Supreme Court in *Lujan* stated that standing, at a minimum contains three elements; 1) injury in fact which is a) concrete and particularized and b) actual or imminent, not conjectural or hypothetical, 2) causal connection, and 3) the injury is likely to be redressed by a favorable decision. *Id.* at 560-561 (1975). *See Also Allen v Wright*, 468 U.S. 737, 756 (1984); *Warth v Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v Morton*, 405 U.S. 727, 740-741 (1972); *Simon v Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976).

Fatal to her claim is the fact that the Plaintiff fails to show that the Plaintiff suffered a concrete injury and therefore, fails to satisfy the first element of standing. *Spokeo v. Robbins*, 136 S. Ct. 1540, 1548 (2016) ("A "concrete" injury must be "de facto "; that is, it must actually

8

exist… Concreteness, therefore, is quite different from particularization.").  Plaintiff attempts to support her claim for damages under the FDCPA by alleging that she "has been harmed by these actions in that a Judgment of Foreclosure is *likely* to be entered against her since relief from stay has been granted."  Complaint, ¶ 52.  (emphasis added).  Accordingly, the Plaintiff cannot show that an injury actually exists.

Notwithstanding the fact that the statute of limitations has expired under the FDCPA, the Plaintiff has not suffered a concrete injury and therefore, lacks standing to pursue this claim. As a result, this adversary proceeding should be dismissed with prejudice.

WHEREFORE, Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, respectfully requests this Court enter an Order dismissing all counts with prejudice for failure to state a claim upon which relief can be granted and for any other relief as the Court deems just and proper.

HINSHAW & CULBERTSON LLP

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
Peter A. Hernandez
Florida Bar No. 64309
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Primary: bfernandez@hinshawlaw.com
pahernandez@hinshawlaw.com
Secondary: dconnolly@hinshawlaw.com;
mislacalleiro@hinshawlaw.com
*Attorneys for Defendant Deutsche bank
National Trust Company*

1026304\304919774.v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 3rd day of January, 2020.

**VIA FIRST CLASS MAIL**
Diane Leslie McAnally
352 Hernando Ave.
Sarasota, FL 34243
Email: dianeguthriemc@gmail.com
*Pro Se Debtor*

**VIA CM/ECF NOTICE**
Gavin N. Stewart, Esquire
Stewart Legal Group PL
P.O. Box 5703
Clearwater, FL 33758
bk@stewartlegalgroup.com
*Counsel for SLS*

HINSHAW & CULBERTSON LLP

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
Peter A. Hernandez
Florida Bar No. 64309
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Primary: bfernandez@hinshawlaw.com
pahernandez@hinshawlaw.com
Secondary: dconnolly@hinshawlaw.com;
mislacalleiro@hinshawlaw.com
*Attorneys for Defendant Deutsche bank National Trust Company*

1026304\304919774.v1