Filed Via Mail
JAN 08 2020
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION
11 Pages Scanned by CT

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DIANE LESLIE MCANALLY, | CASE NO. 8:19-AP-00546-RCT |
| Debtor-Plaintiff, | |
| v. | **DEBTOR-PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY and SPECIALIZED LOAN SERVICING, LLC, as servicing agent for Bank of New York, as Trustee for the certificateholders CWABS, Inc., Asset Backed Certificates, Series 2006-22, | |
| Creditors-Defendants. | |
| _____/ | |

**COMES NOW**, Debtor-Plaintiff Diane Leslie McAnally (hereinafter referred to as "Plaintiff"), the undersigned acting *Pro se,* who hereby responds in opposition to Creditor-Defendant Deutsche Bank National Trust Company (hereinafter referred to as "Deutsche")'s Motion to Dismiss Plaintiff's Complaint, and in support thereof alleges as follows:

### Introduction.

1. Plaintiff incorporates the background information found in Paragraphs 1, 2, and 3 in Deutsche's Motion to Dismiss. *See Doc. 15, Page 2.*

**Motion to Dismiss Standard.**

2. A complaint should be dismissed under Federal Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Fed. R. Civ. P. 12(b)(6).

3. Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. However, allegations in the form of legal conclusions, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

4. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The rule "does not impose a probability requirement at the pleading stage," but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is insufficient under Federal Rule 8(a)(2) because it has merely "alleged" but not "show[n] ... that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

**Liberal Construction of Pro Se Pleadings.**

5. As a general rule, pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and must, therefore, be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal citations omitted). However, "the leniency accorded pro se litigants does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 Fed.Appx. 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

**Deutsche has Failed to Meet the 8(a)(2) and 12(b)(6) Standards for Dismissal.**

Deutsche asserts that dismissal with prejudice is warranted under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). In support of dismissal, Deutsche alleges that Plaintiff's Complaint is nothing more than an "impermissible shotgun pleading." *See Doc. 15, Page 5.* This assertion is without merit.

Plaintiff's complaint, as inartfully plead as it may be, certainly provides Deutsche with sufficient notice of the claims asserted against it. Plaintiff clearly states that this is an action brought by Plaintiff for Fraudulent Misrepresentation, violations of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act, Intentional Infliction of Emotional Distress, and Declaratory Judgment and for compensatory, punitive, special and general damages. Plaintiff's Complaint

also clearly delineates Plaintiff's dispute as to the title and ownership of the real property in question, in that the originating mortgage lender, and others alleged to claim ownership of Plaintiff's Promissory Note and/ or Mortgage, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Mortgage related to the subject property, and thus, do not have lawful ownership or a security interest in the subject property. *See Complaint generally*.

Additionally, the Complaint breaks down in detail in the "Background Allegations Related to All Claims" the factual averments supportive of the requested relief. Interestingly, Deutsche refuses to address each and every factual allegation in the Complaint. Specifically, Deutsche has not denied that:

(a) Deutsche never filed a legally enforceable Proof of Claim in the time allowed by law;

(b) Deutsche never filed for leave of court for an extension of time to file their proof of claim under the Federal Rules of Bankruptcy Procedure;

(c) Deutsche never proffered evidence to support any standing to assert an interest in the subject property;

(d) Using an independent third party that specializes in locating mortgage loans, the aforementioned loan was found in multiple classes of the CWAB 2006-22 Trust.;

(e) The obligation has been sold to multiple classes of the CWAB 2006-22 Trust. Where records show the intangible payment stream remains an asset, a fact to determine, that is beyond the scope of this analysis, is why if there is a default of the tangible is there not also a default of the intangible;

(f) It is possible that a third-party contract known as a Credit Default Obligation could account for the reason why the intangible is not in default, such supposition offers a reasonable explanation;

(g) The rights to the Obligation have been conveyed as a Transferable Record to multiple classes of the CWAB 2006-22 Trust;

(h) For the rights to the Intangible Obligation not to have been stripped away from the rights to the Note by that conveyance, the rights to the Note must have also been transferred to multiple classes of the CWAB 2006-22 Trust;

(i) Each class of the CWAB 2006-22 Trust owns a different partial interest in the Intangible Obligation;

(j) Even though a Trust may show a Class within that Trust as being paid, this is a predetermined action by the Trust;

(k) It does not mean that the Intangible Obligation is in default. It is impossible to make that determination as the Intangible Obligation no longer exists in its original form. Subsequently, the precise ownership of partial interests in the Intangible Obligation can no longer be determined, nor can it be determined what or which partial interest in Intangible Obligation has been paid nor what percentage of that partial interest in the Intangible Obligation has been satisfied/settled;

(l) Even though there is some division of performance of the loan from class to class. If the ownership of the Intangible Obligation exists in any class as the Transferable Record of the ownership, the Intangible Obligation exists in total within the Trust;

(m) For these reasons, Deutsche was not/ is not the holder of the Note entitled to enforce;

(n) Deutsche is a debt collector as defined in 15 U.S.C. §1692a(6): The term "debt collector" means any person who…regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another;

(o) Deutsche fraudulently made representations that it was / is the holder of the Note when it knew that it did not have the right to make such an assertion/

(p) violated 15 U.S.C. § 1692e (2)(A) by misstating the amount or legal status of any debt. By these actions Deutsche also violated 15 U.S.C. § 1692e (10) by using deceptive means in an attempt to collect a debt which was not owed to either of them.

(q) The actions of Deutsche, as set forth herein, has resulted in the Plaintiff facing the imminent loss of his property This outcome has been created without any right or privilege on the part of Deutsche, and, as such, the intentional, unlawful foreclosure constitute outrageous or reckless conduct on the part of Deutsche.

(r) Deutsche intentionally, knowingly, recklessly and fraudulently made representations in the that they were / are the holder of the Note when it knew that it did not have the right to make such an assertion.

(s) Deutsche's conduct is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community.

(t) Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that he would be unable to exercise legal rights in the subject property, the right to title of the subject property, the right to cure the alleged default, right to verify the alleged debt. and right to clear title to the subject property such that said title will regain its marketability and value.

(u) Due to Deutsche' outrageous conduct, Plaintiff has been living under the constant emotional nightmare of losing the subject property and the nightmare is about to come true.

(v) Plaintiff has proved beyond any reasonable doubt the subject of Plaintiff's Complaint that Deutsche have acted wrongfully, committed fraud on the court prior and leading up to a proposed "sale" of Plaintiff's property, contrary to the conditions precedent of the terms of the subject Deed of Trust, the Florida Statutes, and the FDCPA.

(w) Deutsche has exploited and abused its alleged authority to demand a sale of Plaintiff's property in fact and deed, using the so-called proposed "sale" as a tool and instrument of fraud.

(x) Declaratory Relief is necessary and appropriate at this time because without judicial resolution all Parties herein will remain unclear and in dispute as to their respective rights, interests, and obligations.

(y) Furthermore, a determination is necessary as to whether the "Assignments of Deed of Trust" factually or legally amounted to assign anything whatsoever and is void, and further whether it exists as a "Cloud" on Plaintiff's Land Record/Real Property and hence these records should be removed.

(z) Plaintiff's property is at risk of being further influenced, impacted, affected and/or wrongfully sold, transferred and/or assigned by and through Deutsche named herein, any the Agents or other individuals or Entities claiming, but factually and legally not qualifying held to, or determined as *Bona Fide* Purchases ("BFP)", individuals and/or Entities.

As a pro se litigant, Plaintiff is not seeking extraordinary relief because of her non-represented litigant status. ""[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson vs. Pardus*, 551 U.S. at 94 (internal quotation marks and citations omitted).

For this reason, Plaintiff requests that he be granted leave to amend if this Court finds that in the interest of justice, amendment would not be futile. Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a motion to amend should not be granted if the amendment is futile. See *Zutz v. Nelson*, 601 F.3d 842, 852 (8th Cir. 2010) (affirming the denial of a motion to amend due to futility).

Accordingly, Deutsche's Motion to Dismiss fails under the 8(a)(2) and 12(b)(6) standard and should be denied in its entirety. In the alternative, leave to amend should be granted to Plaintiff.

## CONCLUSION

Based on the foregoing, it is respectfully submitted that dismissal of Plaintiff's well-plead complaint would be improper, and Plaintiff is entitled to pursue his claims in this Court pending a full adjudication on the merits. Plaintiff therefore requests that this Honorable Court deny Deutsche's Motion to Dismiss Plaintiff's Complaint in its entirety, and grant Plaintiff any other further relief deemed just and proper.

Respectfully submitted this 7th day of January 2020.

*/s/ Diane Leslie McAnally*
Diane Leslie McAnally
352 Hernando Avenue
Sarasota, FL 34243
Phone: 1.941.351.4306
Email: dianeguthriemc@gmail.com
Pro Se Plaintiff-Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to the parties listed below on this 07 day of January 2020.

BARBARA FERNANDEZ
HINSHAW & CULBERTSON LLP
2525 PONCE DE LEON BLVD., 4TH FLOOR
CORAL GABLES, FL 33134

SPECIALIZED LOAN SERVICING LLC
STEWART LEGAL GROUP PL
C/O GAVIN N STEWART, ESQ.
PO BOX 5703
CLEARWATER FL 33758-5703

_/s/ Diane Leslie McAnally_
Diane Leslie McAnally

# PRIORITY MAIL

DATE OF DELIVERY SPECIFIED*
USPS TRACKING™ INCLUDED*
INSURANCE INCLUDED*
PICKUP AVAILABLE
* Domestic only

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

## UNITED STATES POSTAL SERVICE® Click-N-Ship®

**P**

usps.com  9405 5036 9930 0223 4866 28 0073 5002 0013 3602
$7.35
US POSTAGE
Flat Rate Env

01/07/2020  2 lb 0 oz    Mailed from 34243    062S0000000101

### PRIORITY MAIL 1-DAY™

DIANE L MCANALLY
352 HERNANDO AVE
SARASOTA FL 34243-2030

Expected Delivery Date: 01/08/20

0006

Carrier -- Leave if No Response    C038

SHIP TO:
SCOTT GIBBONS
UNITED STATES COURTHOUSE
801 N FLORIDA AVE
UNITED STATES BANKRUPTCY COURT
TAMPA FL 33602-3849

**USPS TRACKING #**




PRIORITY MAIL POSTAGE REQUIRED