**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

DIANE LESLIE MCANALLY                          CASE NO. 8:19-bk-00132-RCT
                                               CHAPTER 7

            Debtor.

_____/

DIANE LESLIE MCANALLY,

            Plaintiff

vs.                                            ADV. PROC. NO.: 8:19-ap-00546-RCT

THE BANK OF NEW YORK MELLON, AS
TRUSTEE CWABS, INC., ASSET BACKED
CERTIFICATES TRUST 2006-22, SPECIALIZED
LOAN SERVICING, LLC and MORTGAGE
ELECTRONIC REGISTRATIONS
SYSTEMS, INC.

            Defendants.

_____/

**MOTION TO DISMISS ADVERSARY**
**PROCEEDING AS TO THE BANK OF NEW YORK MELLON**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THE RELIEF REQUESTED IN THIS PAPER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN FOURTEEN (14) DAYS FROM THE DATE SET FORTH ON THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS FOR SERVICE IF ANY PARTY WAS SERVED BY U.S. MAIL. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY IF YOU HAVE ONE. IF THE PAPER IS AN OBJECTION TO YOUR CLAIM IN THIS BANKRUPTCY CASE, YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE A RESPONSE WITH THE CLERK OF THE COURT AT THE SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 N. FLORIDA AVENUE, SUITE 555, TAMPA, FL 33602 AND SERVE A COPY ON THE MOVANT'S ATTORNEY, GAVIN STEWART, P.O. BOX 5703, CLEARWATER, FL 33758, AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED. IF YOU FILE AND**

**SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER SCHEDULE AND NOTIFY YOU OF A HEARING, OR CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.**

**IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholdes of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22 ("BONYM"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss the Amended Verified Adversarial Complaint for Damages and Declaratory Judgment ("Amended Complaint") and states:

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint raises the same four counts as the initial complaint. Accordingly, because SLS and BONYM's position with regard to the subject property is intertwined, BONYM stands on the arguments and defenses raised by Specialized Loan Servicing, LLC in its *Amended Motion to Dismiss Adversary Proceeding* (Adv. ECF No. 10) ("SLS Motion"). Additionally, to the extent the *Order Granting Amended Motion to Dismiss Adversary Proceeding* (Adv. ECF No. 16) applies to it, BONYM respectfully requests the Court enforce the Order as to the Amended Complaint against BONYM. Notwithstanding the above, BONYM substantially restates and incorporates the arguments and defenses raised in the SLS Motion below in ratification of its position.

## INTRODUCTION

1.      This action stems from a state court foreclosure action filed on December 4, 2007 in the Twelfth Judicial Circuit Court in Manatee County Circuit Court, identified as Case

Number 2007-CA-008420 ("foreclosure case"), as well as the underlying Chapter 7 bankruptcy proceeding.

2.    The Plaintiff received a discharge on October 30, 2019.

3.    The upshot of the Plaintiff's Amended Complaint amounts to an objection to standing to proceed with foreclosure on the subject property, which has already been decided by the state court.

4.    Consequently, the Plaintiff's Amended Complaint should be dismissed with prejudice, pursuant to the *Rooker-Feldman* doctrine.

5.    Furthermore, the Plaintiff is barred by the statute of limitations as to Count 2 of the Amended Complaint, and the Plaintiff lacks standing to support the Count.

6.    Accordingly, BONYM respectfully seeks dismissal of the Amended Complaint with prejudice.

**MEMORANDUM OF LAW**

I.    **THE COURT SHOULD DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM BASED ON THE ROOKER-FELDMAN DOCTRINE**

The Plaintiff's Complaint sets forth four causes of action, namely, Fraudulent Misrepresentation, Violation of 15 U.S.C. §1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA") Intentional Infliction of Emotional Distress and Request for Declaratory Relief. (Adv. ECF No. 37).   Each Cause of Action is alleged to be supported by the claim that BONYM does not have standing to enforce the underlying note. The Plaintiff states in paragraph 20 of the Amended Complaint that the Plaintiff, "…disputes the title and ownership of the loan on the Property in that the originating mortgage lender, and others alleged to claim ownership of Debtor's Promissory Note and/or Mortgage, have unlawfully sold, assigned and/or transferred their ownership and security interest…and thus, do not have lawful ownership or a security in

Debtor's home which is further described in detail herein." (¶20, Adv. ECF No. 37).  However, the issue of standing has already been decided by the state court by virtue of the *Final Summary Judgment of Mortgage Foreclosure* ("Final Judgment") entered on or about September 11, 2008 and the corresponding *Agreed Order Granting in Part and Denying in Part Defendant's Motion for Relief from Final Judgment* ("Agreed Order").[1] Thus, the Plaintiff has failed to state a claim upon which relief may be granted by this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6).

For purposes of a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), "the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Erickson v. Pardus*, 552 US 89, 93-94 (2007).  *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide more than mere labels and conclusions and must go beyond a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, it must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). "A claim has facial

---

[1] Both the Final Judgment and Agreed Order are attached as Composite Exhibit A to the *Renewed Motion for Relief from the Automatic Stay* (Doc. No. 31).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss" *Id.* at 1950. *See also Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012).

The *Rooker-Feldman* doctrine prohibits claims brought in federal court that are "inextricably intertwined" with a state court's judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (internal quotation marks and citation omitted).    Standing is always a fundamental prerequisite before any court.  *Summers v Earth Island Institute* 555 U.S. 488, 492 (2009). ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

Both the Final Judgment and Agreed Order allowed the foreclosure plaintiff[2] to reform the mortgage.  The state court allowed BONYM's predecessor to reform the mortgage and stated in Count I of the Final Summary Judgment, "The equities of this action are in favor of Plaintiff and Plaintiff is entitled to reformation of the Mortgage." (Pg. 21, ECF No. 31-1).  Accordingly, the only issue remaining in the foreclosure case is the actual foreclosure of the reformed mortgage.  As stated above, standing is always an issue before any court and an objection to the same was not made at the time of entry of the Final Judgment and Agreed Order. Furthermore, the Plaintiff did not appeal either of the state court's rulings within the appropriate timeframe. Moreover, federal courts do not have appellate jurisdiction to review and reverse a state court judgment; rather, only the Supreme Court has the ability to do so.  *See* 28 U.S.C. § 1257; *Exxon*

---

[2] The Bank of New York Mellon was formally known as the Bank of New York, as identified in the caption of the instant case.

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The Plaintiff's assertion that the title and ownership to the subject property is disputed should therefore have been raised in the state court at the appropriate time.

Furthermore, the Plaintiff lacks standing to pursue the various allegations of improper or ineffective mortgage or assignments asserted in the Amended Complaint. *McGill v. Pinnacle Fin. Corp.*, 2013 WL 4046978, *2 (M.D. Fla. 2013) (Judiciary consensus has developed, finding that a borrower lacks proper standing to "(1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement" citing *In re Walker*, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012)). See also *In re Jepson*, 821 F.3d 805 (7th Cir. 2016); *Castillo v. Deutsche Bank National Trust Company*, 89 So.3d. 1069 (Fla. 3rd D.C.A. 2012); *In re Correia*, 452 B.R. 319 (1st Cir. B.A.P. 2011); *In re Kain*, 2012 WL 1098465 (Bankr. D.S.C. 2012); *Lindsay v. Vamerica Wholesale Lender, et al.*, 2012 WL 83475 (C.D.Cal. 2012); *In re Wright*, 2012 WL 27500 (Bankr. D. Haw. 2012); *In re Edwards*, 2011 WL 6754073 (Bankr. E.D. Wis. 2011); *In re Washington*, 2011 WL 6010247 (Bankr. W. D. Mo. 2011); *In re Smoak*, 461 B.R. 510 (Bankr. S. D. Ohio 2011); *In re Tarantola*, 2010 WL 3022038 (Bankr. D. Ariz. 2010); *In re Almeida*, 417 B.R. 140 (Bankr. D. Mass. 2009); *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 85-86 (2d Cir. 2014).

Additionally, each Count ostensibly deals with alleged actions taken with regard to the subject property outside of the bankruptcy case. Hence, the issues raised by Plaintiff's Amended Complaint fall squarely within the state court's purview because they deal solely with state law property rights. *Butner v. United States*, 440 U.S. 48, 55 (1979) "[p]roperty rights are created

and defined by state law," and "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

To be sure, there are no pending issues in the underlying bankruptcy case that necessitates this Court decide the issues raised by the Amended Complaint. The Plaintiff's "BACKGROUND ALLEGATIONS RELATED TO ALL CLAIMS" section of the Amended Complaint seems to suggest that BONYM was required to file a Proof of Claim in the underlying bankruptcy case. (¶¶42-48, Adv. ECF No. 37). However, not only is it long-standing bankruptcy law that a secured creditor need not file a Proof of Claim in any bankruptcy filing, it is also not necessary in a Chapter 7 case where the collateral was not liquidated by the Chapter 7 Trustee. On September 26, 2019, the Chapter 7 Trustee entered his Final Report (ECF No. 58) noting that no action was taken by the Estate to administer the property. Also, the Debtor received a discharge by virtue of the Order of Discharge entered on October 30, 2019 (ECF No. 62). The automatic stay is terminated by the Court's order, as well as by operation of law.[3] Also, the foreclosure case is ongoing and a trial date has been requested. Therefore, although standing has been resolved as stated above, the Plaintiff's recourse, if any, belongs in the state court.

Accordingly, the Adversary Proceeding should be dismissed with prejudice.

## II.   THE COURT SHOULD DISMISS PLAINTIFF'S FDCPA CLAIM BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS AND PLAINTIFF LACKS STANDING

In addition to the above, the Plaintiff's FDCPA claim is barred by the statute of limitations. 15 U.S.C. § 1692k(d) states:

> "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in

---

[3] See, 11 U.S.C. §362(c)(2)(C).

any other court of competent jurisdiction, **within one year from the date on which the violation occurs.**" (emphasis added).

15 U.S.C. § 1692k(d) (2010).   The Plaintiff states in the Amended Complaint, "There is a recorded document purported to be an "Assignment of Mortgage", dated December 18, 2007 and filed in the Official Records of the Manatee County Recorder's Office as ins# BK2242, Page 3451." (¶26, Adv. ECF No. 37). The foreclosure case was filed on December 4, 2007 by Bank of New York, as Trustee for the certificateholdes of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22 and according to the return of service, the Plaintiff was served with a copy on December 6, 2007 at 5:50PM. The Plaintiff's Amended Complaint further alleges, "Creditors fraudulently made representations that they BONYMM as Trustee of the Trust is the holder of the Note and was entitled to collect a debt pursuant to Debtor's Loan when they knew that they did not have the right to make such an assertion." (¶82, Adv. ECF No. 37).   Therefore, the Plaintiff has known of the perceived violation of the FDCPA, an allegation to which BONYM vehemently would oppose if necessary, for almost 12 years.   It is clear then that the Plaintiff is barred from bringing the purported FDCPA claim and the Amended Complaint should be summarily dismissed as to that Count on that basis alone.

Furthermore, even if the FDCPA claim survives dismissal on that basis, the Plaintiff has no standing to bring the claim. *Lujan v Defenders Wildlife* 504 U.S. 560 (1992). ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]") The Supreme Court in *Lujan* stated that standing, at a minimum contains three elements; 1) injury in fact which is a) concrete and particularized and b) actual or imminent, not conjectural or hypothetical, 2) causal connection, and 3) the injury is likely to be redressed by a favorable decision. *Id.* at 560-561 (1975). *See Also Allen v Wright*, 468 U.S. 737, 756 (1984); *Warth v Seldin*, 422 U.S. 490, 508

(1975); *Sierra Club v Morton*, 405 U.S. 727, 740-741 (1972); *Simon v Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976).

The Plaintiff fails to meet the first element of standing because the Amended Complaint fails to show that the Plaintiff suffered a concrete injury. *Spokeo v. Robbins*, 136 S. Ct. 1540, 1548 (2016) ("A "concrete" injury must be "de facto "; that is, it must actually exist… Concreteness, therefore, is quite different from particularization."). In fact, the Plaintiff's support for damages under the FDCPA is stated in the Amended Complaint as follows, "Debtor has been harmed by these actions in that a Judgment of Foreclosure *may* be entered against her since relief from stay has been granted." (¶84, Adv. ECF No. 37) (emphasis added). Accordingly, the Plaintiff's claim is speculative at best because the foreclosure of the subject property has not yet been concluded and Plaintiff cannot show that an injury actually exists. Furthermore, an alleged procedural violation of the FDCPA does not satisfy the concrete injury requirement of the Constitution. In regard to that notion, the Supreme Court stated, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo* at 1549 (emphasis added); See also, *Summers,* 555 U.S. at 497 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing"); see also *Lujan*, 504 U.S. at 572.

Notwithstanding the fact that the statute of limitations has expired under the FDCPA, the Plaintiff has not suffered a concrete injury. Further, the Plaintiff has actively participated in and

defended the foreclosure case, which, as stated above, is the appropriate court to raise the issues made in the Amended Complaint.

As a result, the Amended Complaint should be dismissed with prejudice.

**WHEREFORE**, BONYM respectfully requests the Amended Complaint be dismissed on all counts with prejudice for failure to state a claim upon which relief can be granted and for any other relief as is just and proper.

**RESPECTFULLY SUBMITTED,**

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653
F: (727) 213-9022
E: bk@stewartlegalgroup.com
Counsel for BONYM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 29th day of July 2020.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
Diane Leslie McAnally
352 Hernando Ave.
Sarasota, FL 34243

**VIA CM/ECF NOTICE**
Barbara Fernandez
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
Coral Gables, FL 33134
Email: dconnolly@hinshawlaw.com