ORDERED.

**Dated: November 30, 2020**

_Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | |
| Diane Leslie McAnally, | Case No. 8:19-bk-00132-RCT |
| Debtor. | Chapter 7 |
| | |
| Diane Leslie McAnally, | |
| Plaintiff, | Adv. No. 8:19-ap-00546-RCT |
| vs. | |
| Specialized Loan Servicing, LLC, Mortgage Electronic Registrations Systems, Inc., and The Bank of New York Mellon, as Trustee for CWABS, Inc., Asset Backed Certificates, Trust 2006-2, | |
| Defendants. | |

**MEMORANDUM DECISION AND ORDER PERMISSIVELY ABSTAINING FROM THIS PROCEEDING UNDER 28 U.S.C. § 1334(c)(1), DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE, AND PROVIDING ANCILLARY RELIEF**

Before the Court are the _Motion to Strike Amended Verified Adversarial Complaint for Damages and Declaratory Judgment_ (Doc. 47) (the "Motion to Strike") filed by Specialized

Loan Servicing LLC ("SLS"), the *Motion to Dismiss Adversary Proceeding* (Doc. 48) (the "Motion to Dismiss") filed by Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22 ("BONYM"), and the joinder to the Motion to Dismiss (Doc. 49) filed by Mortgage Electronic Registration Systems, Inc. ("MERS").[1] Also before the Court are Plaintiff-Debtor's *Objection to Defendant SLS's Motion to Strike Amended Verified Adversarial Complaint for Damages and Declaratory Judgment and Motion for Reconsideration of Order Dismissing the Complaint as to SLS with Prejudice* (Doc. 53) (the "Motion to Vacate") and her response to the Motion to Dismiss (Doc. 54) (the "Response").

This proceeding arises from an over decades' long dispute between Plaintiff-Debtor Diane Leslie McAnally ("Debtor") and BONYM regarding a mortgage on Debtor's real property located at 356 Hernando Avenue, Sarasota, FL 34243 (the "Property"). At the core of the dispute— and this adversary complaint— is Debtor's claim that BONYM lacks standing to enforce the note and mortgage.

### Background

On or about October 26, 2006, Debtor refinanced the Property with a loan from Countrywide Home Loans, Inc. ("Countrywide"). Countrywide's mortgage securing the loan was recorded but contained errors in both the legal description and the physical address. The property referenced in the recorded mortgage was Debtor's adjacent homestead property.[2]

In May 2007, Debtor entered into an agreement to modify the mortgage with Countrywide. The modified mortgage that was recorded corrected the error in the physical

---

[1] Where appropriate, the Court refers to SLS, BONYM, and MERS collectively as "Defendants."
[2] The legal description referred to "Lot 14' instead of "Lot 12," and the physical address referenced was "352 Hernando Avenue" instead of "356 Hernando Avenue."

address but did not correct the legal description.

Within a matter of months, the note and mortgage were assigned to BONYM. Shortly after the assignment, on December 4, 2007, BONYM filed a state court action[3] to reform the mortgage to correct the errors and to foreclose the mortgage as reformed.

On September 11, 2008, the state court entered a Final Summary Judgment of Mortgage Foreclosure in favor of BONYM (the "Final Judgment").[4] To begin, the court found that the errors in the mortgage were inadvertent scrivener's errors and that it was the "clear intention[]" of the parties that the mortgage apply to the Property. Accordingly, the state court ordered the mortgage be reformed, *nunc pro tunc*, to the date of its initial recordation. The state court also found that the equities favored BONYM and that BONYM was entitled to foreclose the reformed mortgage. The court entered judgment in the amount of $336,274.75.

On August 10, 2010, the state court entered an agreed order granting, in part, a motion to vacate the Final Judgment (the "Agreed Order").[5] The motion to vacate was filed by Debtor's son and co-defendant, who owned a 1/3 interest in the Property but had not signed either the note or mortgage. The state court denied relief as to BONYM's reformation claim, ordering that the part of the Final Judgment reforming the mortgage would remain in full force and effect. But the state court granted relief as to the foreclosure claim as to the reformed mortgage and vacated that part of the Final Judgment, providing BONYM leave to amend "to aver causes of action to establish an equitable lien and/or equitable subrogation as may be appropriate."

BONYM timely amended its complaint to seek an equitable lien as to the son's interest. A few months later, BONYM filed a motion for summary judgment on the equitable lien claim.

---

[3] Case No. 2007-CA-008420, filed in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County. The Court takes judicial notice of the state court docket pursuant to Fed. R. Evid. 201(b).
[4] *See* Doc. 37 Ex. B; Case No. 8:19-bk-00132-RCT, Doc. 31 ("Renewed Motion for Relief from Stay") Ex. A.
[5] *See* Doc. 37 Ex. C; Case No. 8:19-bk-00132-RCT, Doc. 31 ("Renewed Motion for Relief from Stay") Ex. A.

The matter was fully briefed before it was abandoned, presumably when Debtor's son withdrew his defenses and ratified the mortgage in July 2011.

The state court action was stayed several years due to Debtor's two chapter 13 bankruptcies.[6]  Debtor voluntarily dismissed her first chapter 13 case within a year and before she confirmed a plan.  But in her second chapter 13, Debtor was able to confirm a chapter 13 plan.  That confirmed plan provided monthly adequate protection payments to BONYM subject to a future mortgage modification agreement to arise from then-ongoing mortgage modification mediation.[7]  However, the mediation ultimately was not successful, and the case was dismissed due to the failure to properly address BONYM's secured claim.  Debtor did not object to BONYM's claim in either chapter 13 case.

In June 2018, BONYM moved in state court for summary judgment on its foreclosure claim.  Debtor opposed the motion, challenging, in relevant part, BONYM's standing to foreclose on the Property.  The state court denied BONYM's motion[8] and the matter was set for non-jury trial to begin on January 10, 2019.

Two days before the trial was to begin, on January 8, 2019, Debtor filed the underlying chapter 7 case.  Debtor scheduled BONYM's mortgage on the Property as disputed.  Based upon the valuation in her schedules, the Property is significantly under water.[9]

On April 23, 2019, BONYM obtain relief from the stay to pursue foreclosure of the Property.[10]  BONYM referenced the Final Judgment in its motion but did not rely upon it to

---

[6] Case No. 8:12-bk-15087-MGW, filed Oct. 2, 2012 and dismissed May 2, 2013, and Case No. 8:13-bk-12783-RCT, filed Sept. 25, 2013 and dismissed Jan. 4, 2017.
[7] *See* Case No. 8:13-bk-12783-RCT, Doc. 76.
[8] The state court's order does not detail the court's reasoning.  This Court makes no determination as to merits of BONYM's motion or Debtor's opposition, nor assumes the state court's position.  Rather, the Court simply takes judicial notice that BONYM's motion for summary judgment was denied.
[9] Case No. 8:19-bk-00132-RCT, Doc. 15.
[10] Case No. 8:19-bk-00132-RCT, Doc. 40.

establish "cause" to lift the stay. Rather, the Motion asserted a substantial payment default, the failure to provide adequate protection, and a lack of equity in the Property.[11]

On September 12, 2019, the Chapter 7 trustee formally abandoned the Property.[12] Very shortly thereafter, the trustee filed his final report, which was approved by the Court.

On October 30, 2019, Debtor received her chapter 7 discharge.

This adversary proceeding is the only matter keeping Debtor's chapter 7 case open.

## **Procedural History & Arguments of the Parties**

Debtor filed this action on October 28, 2019.[13] In her initial complaint, Debtor named SLS, as servicer for BONYM, and Deutsche Bank National Trust Company ("Deutsche Bank") as defendants. Debtor advanced four causes of action: (1) fraudulent misrepresentation, (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), (3) intentional infliction of emotional distress, and (4) a request for declaratory relief. As noted by the Defendants, the complaint hinges on Debtor's allegation that BONYM does not have standing to enforce the underlying note and mortgage.

Both SLS and Deutsche Bank timely appeared. Deutsche Bank obtained leave for an extension of time to respond to the complaint. SLS, on the other hand, promptly moved to dismiss, arguing the proceeding was barred by the *Rooker-Feldman* doctrine, Debtor's FDCPA claim was time barred and further she lacked standing to advance the claim, and the complaint was vague and failed to differentiate which defendant committed which alleged wrongful act.

SLS's motion to dismiss was abated due to the failure of the negative notice legend to conform to the Court's approved language.[14] SLS promptly filed an amended motion and

---

[11] Case No. 8:19-bk-00132-RCT, Doc. 31.
[12] Case No. 8:19-bk-00132-RCT, Doc. 53
[13] Doc. 1.
[14] Doc. 9.

5

properly served it upon Debtor.[15] When Debtor failed to response timely, the Court, as provided in Local Rule 2002-4, granted SLS's motion and dismissed the complaint as to SLS with prejudice (the "Dismissal Order").[16] The Dismissal Order was entered January 3, 2020.

Deutsche Bank later filed its own motion to dismiss.[17] Deutsche Bank noted that it holds a mortgage wholly unrelated to the challenged mortgage and argued that the complaint failed to allege any wrongful act committed by Deutsche Bank or any matter related to its loan and mortgage. At a hearing on February 25, 2020, the Court granted Deutsche Bank's motion and dismissed the complaint but granted Debtor leave to amend.[18]

Debtor filed her amended complaint on June 16, 2020 (the "Amended Complaint").[19] The Amended Complaint again names SLS as a defendant and adds BONYM and MERS as additional defendants. Deutsche Bank is not named. The Amended Complaint advances the same four causes of action and, similarly, hinges on the claim that BONYM does not have standing to enforce the note and mortgage.

SLS responded to the Amended Complaint with the Motion to Strike. Noting that the Dismissal Order provided that the dismissal was "with prejudice," SLS argues that the Amended Complaint, as to it, was impermissible filed. Accordingly, SLS asks that the Court strike the Amended Complaint as to it.

Debtor responded to SLS's Motion to Strike with the Motion to Vacate. Debtor does not dispute that the record demonstrates that she was served with SLS's motion to dismiss and that she failed to respond. However, Debtor asserts that she does not recall receiving the motion

---

[15] Doc. 10.
[16] Doc. 16.
[17] Doc. 18.
[18] Doc. 27.
[19] Doc. 37.

nor the resulting Dismissal Order.  Debtor asserts she did not become aware of SLS's motion or the order until SLS filed the Motion to Strike.  Claiming "excusable neglect," Debtor argues that the Dismissal Order should be vacated because her motion is timely under the governing rule, she did not intentionally fail to respond to SLS's motion, and SLS will not be substantially prejudiced from having to defend on the merits.  Debtor notes that she is proceeding *pro se* due to her limited finances and that she, at 78 years' old, works full time and serves as the primary caregiver for her two disabled sons.

BONYM responded to the Amended Complaint with the Motion to Dismiss, to which MERS joins.  The Motion to Dismiss parrots SLS's motion to dismiss the initial complaint, arguing that (a) the proceeding is barred by *Rooker-Feldman* and (b) Debtor's FDCPA claim was time barred and further Debtor lacks standing to advance the claim.[20]

In response to BONYM's Motion to Dismiss, Debtor argues, in relevant part, that (a) the *Rooker-Feldman* doctrine is inapplicable because there has not been a final judgment of foreclosure and (b) her FDCPA claim is not time barred because of the "discovery rule" and she has standing to advance the claim because she suffered a concrete injury as she has long been forced to defend an improper foreclosure.  To the extent that the Amended Complaint is found to be deficient, Debtor asks the Court for leave to further amend.

---

[20] The Motion to Dismiss does not echo SLS's argument regarding the failure to differentiate the alleged wrongful acts of the defendants.  To Debtor's credit, the Amended Complaint, unlike its predecessor, does not fail to identify which defendant or defendants allegedly committed a particular wrongful act.

**Discussion**

**A.    SLS's Motion to Strike & Debtor's Motion to Vacate**

SLS seeks to have the claims against it stricken pursuant to Federal Rule of Civil Procedure ("Rule(s)") 12(f).[21] Noting that the Dismissal Order was "with prejudice," SLS asserts that pursuant to Rule 41(b), the order operated as an adjudication on the merits and therefore barred the refiling of the claims. SLS argues that, accordingly, Debtor's claims against it in the Amended Complaint are "redundant, immaterial, or impertinent."

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The principal function of a Rule 12(f) motion is "to avoid the unnecessary expenditure of judicial resources and the parties' time and money addressing spurious issues."[22] The granting of a Rule 12(f) motion is considered an extreme remedy and is disfavored among courts.[23] Notably, Rule 12(f) is not intended "to procure the dismissal of all or part of a complaint."[24]

SLS's argument is conclusory and does not address the appropriate standards under Rule 12(f).[25] SLS is, of course, correct that under Rule 41(b) the Dismissal Order operated as an adjudication on the merits, and thus Debtor would be prohibited from bringing her claims a second time. But that is an argument that goes to the legal sufficiency of the complaint and thus is properly advanced under Rule 12(b)(6).[26]

While the Court will deny the Motion to Strike, the matter of Dismissal Order remains.

---

[21] Fed. R. Civ. P. 12(f) is incorporated into this proceeding by Fed. R. Bankr. P. 7012.
[22] *Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019) (listing cases); *see, e.g.*, *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) ("The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters.").
[23] *See, e.g.*, *Silva*, 333 F.R.D. at 247; *Blake*, 318 F.R.D. at 700.
[24] *Blake*, 318 F.R.D. at 700; *see generally Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (contrasting motions under Rule 12(f) with motions under Rule 12(b)(6) or Rule 56).
[25] *See Blake*, 318 F.R.D. at 700 nn.2–4.
[26] *See Whittlestone*, 618 F.3d at 974.

As the record stands, SLS would be entitled, based upon the Dismissal Order, to seek dismissal of the Amended Complaint on *res judicata* grounds.[27] In retrospect, it was likely improvident to enter a dismissal with prejudice on negative notice, but the Court need not address that issue as it concludes Debtor's Motion to Vacate should be granted.

Debtor moves to vacate the Dismissal Order under Rule 60(b)(1) based upon "excusable neglect." As an initial matter, the Court finds that Debtor's motion is timely under Rule 60(c). Further, upon review of the record and the governing standard,[28] the Court finds that Debtor has established "excusable neglect" and vacatur of the Dismissal Order to be appropriate.

The Court accepts that Debtor was unaware of the entry of the Dismissal Order and did not intentionally disregard SLS's underlying motion. Debtor has been diligent in her pursuit of her claims in this proceeding, and the Court is cognizant that she is proceeding without the assistance of counsel. The Court does not find that the span of approximately five months from entry of the Dismissal Order to the filing of the Amended Complaint to be significantly prejudicial. Further, the prejudicial effect, if any, is lessened as BONYM, for whom SLS services the mortgage in question, asserts the very same arguments in its Motion to Dismiss and is represented by the same counsel. Last, as will be discussed below, Debtor had at least one meritorious defense to SLS's motion, namely that the *Rooker-Feldman* doctrine does not apply.

For these reasons, the Court will deny SLS's Motion to Strike and will grant, without prejudice to SLS, Debtor's Motion to Vacate.

---

[27] *See Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x 767 (11th Cir. 2015).

[28] *Branch Banking & Tr. Co. v. Maxwell*, 512 F. App'x 1010, 1012 (11th Cir. 2013) ("To establish mistake, inadvertence or excusable neglect made under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." (quoting *Valdez v. Feltman (In re Worldwide Web Sys. Inc.),* 328 F.3d 1291, 1295 (11th Cir. 2003))).

**B.      The *Rooker-Feldman* Doctrine is Not Applicable to this Proceeding**

Defendants assert that based upon the Final Judgment and the Agreed Order, specifically the state court's judgment in its favor allowing the reformation of the mortgage, the Amended Complaint is barred under the *Rooker-Feldman* doctrine. Debtor, noting that there is not presently a final judgment of foreclosure, argues that the doctrine does not apply because matters before the state court have not concluded. The Court agrees with Debtor.

The *Rooker-Feldman* doctrine provides that "federal courts below the Supreme Court must not become a court of appeals for state court decisions." [29] Review of a state court final's judgment is reserved to the appropriate state appellate court or, as a "last resort," to the United States Supreme Court. *Rooker-Feldman* applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment."[30] Invocation of *Rooker-Feldman* requires that the state court judgment at issue be both final and not subject to further appeal.[31]

Here, it cannot reasonably be said that matters before the state court have concluded. BONYM does not hold a non-appealable, final judgment of foreclosure. Rather, its foreclosure claim, which necessarily includes its entitlement to foreclose upon its mortgage, albeit reformed, was set for trial when Debtor commenced the underlying chapter 7 case.

BONYM argues, however, that Debtor's claims in this case are "inextricably intertwined" with the state court's judgment on its reformation claim. The Court is not so sure. But even if that were so, it is not apparent from the record that Debtor would be unable to appeal

---

[29] *Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1195 (11th Cir. 2012); *see, e.g.*, *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 (11th Cir. 2013) ("The *Rooker-Feldman* doctrine states that federal district courts have no authority to review final judgments of a state court[.]" (internal quotation omitted)).
[30] *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).
[31] *See Nicholson v. Shafe*, 558 F.3d. 1266, 1275–79 (11th Cir. 2009) (concluding that *Rooker-Feldman* did not apply where the state court proceeding had not ended); *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1321 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012).

10

that portion of the Final Judgment in an appeal of any final judgment of foreclosure.[32] As such, the Final Judgment is not "final" for purposes of the *Rooker-Feldman* doctrine.

**C.     Debtor's FDCPA Claim, as plead, is Time-Barred**

Defendants argue that Debtor's FDCPA claim must be dismissed as it is time-barred having been brought beyond the one-year statute of limitations provided in 15 U.S.C. § 1692k(d). Debtor responds that the "Discovery Rule" applies and as such, her claim is timely as she was not aware of her claim against Defendants until sometime in September 2019.

The Amended Complaint is not very clear as to the specific acts alleged to violate the FDCPA. But the claim, as pled, arises from either Countrywide's assignment of the mortgage or BONYM's commencement of the state court action, both of which occurred in or about December 2007, well over ten years ago and, thus, well beyond the one-year limitations period.

Citing *Skinner v. Midland Funding, LLC*,[33] Debtor argues that the "Discovery Rule" rule applies to, and saves, her FDCPA claim. But *Skinner* was decided in 2017 by a court outside of the Eleventh Circuit.[34] In the Seventh Circuit, courts had held that the discovery rule applies to FDCPA claims.[35] Nonetheless, Debtor's argument must fail as the U.S. Supreme Court recently decided that the discovery rule does not apply to FDCPA claims.[36]

In her Response, Debtor suggests the possibility of more recent or continuing violations

---

[32] *See, e.g.*, *Fla. Farm Bureau Gen. Ins. Co. v. Peacock's Excavating Serv., Inc.*, 186 So. 3d 6, 8–9 (Fla. Dist. Ct. App. 2015); *Kirkland v. Fla. Dep't of Health & Rehab. Servs.*, 489 So. 2d 800, 801 (Fla. Dist. Ct. App. 1986); *see generally* Fla. R. Civ. P. 9.110(k).
[33] No. 16 C 4522, 2017 WL 1134490, at *1, *3 (N.D. Ill. Mar. 27, 2017).
[34] *See Adams v. Crown Asset Mgmt., LLC*, No. 1:11-CV-91-CC-ECS, 2011 WL 13318869, at *1, *2 (N.D. Ga. Apr. 22, 2011) ("The Eleventh Circuit has not imposed a 'discovery rule' to toll the FDCPA statute of limitations." (citing *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995)), *report and recommendation adopted*, No. 1:11-CV-0091-CC, 2011 WL 13318846 (N.D. Ga. Aug. 11, 2011).
[35] *See Skinner*, 2017 WL 1134490, at *3 (citing cases).
[36] *Rotkiske v. Klemm*, 140 S. Ct. 355, 205 L. Ed. 2d 291 (2019).

of the FDCPA. But no such violations are alleged in the Amended Complaint.[37]

Accordingly, Debtor's FDCPA claim is due to be dismissed. Considering Debtor's Response and because she requested leave to amend if necessary, the Court will dismiss the claim without prejudice. But given the Court's decision to abstain, discussed below, the Court denies Debtor leave to amend. Rather, the Court leaves to the state court the decision whether to allow Debtor to incorporate her claims against BONYM into the state court action.

### D.   The Court Shall Permissively Abstain under 28 U.S.C. § 1334(c)(1)

Under 28 U.S.C. § 1334(c)(1), a court may abstain from a proceeding if so doing is "in the interest of justice, or in the interest of comity with State courts or respect for State law[.]" Permissive abstention, unlike its mandatory counterpart provided in § 1334(c)(2),[38] applies to both core and non-core proceedings.[39] To determine whether permissive abstention is appropriate, a court considers several factors. These include:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised,
> (2) the extent to which state law issues predominate over bankruptcy issues,
> (3) the difficulty or unsettled nature of the applicable state law,
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts,
> (5) the jurisdictional basis, if any, other than § 1334,
> (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case,
> (7) the substance rather than the form of an asserted "core" proceeding,
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the

---

[37] The closest the Amended Complaint gets is paragraph 81, but that allegation could easily refer to, and in context appear to do so, statements and correspondence that proceeded or were contemporaneous with BONYM's commencement of the state court action.

[38] Had an appropriate motion been made, the proceeding might very well have qualified for mandatory abstention under 28 U.S.C. § 1334(c)(2). But the court need not reach that issue as it elects to permissively abstain. *See Golf Club at Bridgewater, L.L.C. v. Whitney Bank (In re The Golf Club at Bridgewater, LLC)*, No. 8:12-cv-01604-EAK, 2013 WL 1193182, at *1, *4–*5 (M.D. Fla. Mar. 22, 2013) (noting that the bankruptcy court may permissively abstain *sua sponte*).

[39] *See Siewe v. Locci (In re Siewe)*, 730 F. App'x 871, 877 & n.1 (11th Cir. 2018).

bankruptcy court,

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11) the existence of a right to jury trial,

(12) the presence in the proceeding of non-debtor parties,

(13) comity, and

(14) the possibility of prejudice to other parties in the action.[40]

The Court has reviewed the pleadings, together with the record in the underlying case, and upon consideration of the above factors, concludes that it should abstain from hearing this proceeding. The above factors overwhelmingly weigh in favor of abstention. In addition to the prevalence of issues arising solely under state law[41] and the parties' long-standing litigation in state court, the Court's decision is guided by the fact that other than the pendency of this action, Debtor's chapter 7 case is primed for closure. Debtor has received her discharge, the chapter 7 trustee formally abandoned the Property, and the estate has otherwise been fully administered and the chapter 7 trustee discharged. Put simply, there is nothing left to do.

Accordingly, given its decision to permissively abstain, the Court will dismiss the Amended Complaint, without prejudice, for the parties to proceed in state court.

It is therefore **ORDERED:**

1.    Debtor's Motion to Vacate (Doc. 53) is **GRANTED**. The *Order Granting Amended Motion to Dismiss as to Specialized Loan Servicing LLC as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholdes of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22* (Doc. 16) is **VACATED**.

---

[40] *E.S. Bankest, LLC v United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162, 176–77 (Bankr. S.D. Fla. 2002) (listing cases); *see also Orlando Gateway Partners, LLC v Good Gateway, LLC (In re Orlando Gateway Partners, LLC)*, 555 B.R. 848, 853 & n.27 (Bankr. M.D. Fla. 2016) (noting that courts consider numerous factors in determining whether to permissively abstain and listing those factors).

[41] Exorcising the FDCPA claim, which as discussed above is time barred, all of Debtor's claims asserted in the Amended Complaint are issues of state law.

2. SLS's Motion to Strike (Doc. 47) is **DENIED**, **without prejudice** to SLS raising any argument advanced in its amended motion to dismiss (Doc. 10) before the state court.

3. BONYM's Motion to Dismiss (Doc. 48) is similarly **DENIED**, **without prejudice** to BONYM raising any argument advanced in its motion before the state court.

4. Pursuant to 28 U.S.C. § 1334(c)(1), the Court permissively abstains from hearing this proceeding.

5. Given the Court's decision to abstain, the Amended Complaint (Doc. 37) is **DISMISSED, without prejudice**.

6. The Clerk is directed to proceed to close this proceeding.

Attorney Gavin N. Stewart is directed to serve a copy of this Decision and Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of its entry.